OPINION

JAMES G. WILCOXEN, Justice.
This matter comes to this Court on appeal of an Order of the Employee Appeals Board entered on December 10, 2012. The sole issue on appeal is whether or not the Board erred in awarding attorney fees to Respondent Doris Shell.
On September 27, 2012, Shell brought her appeal before the Board challenging her dismissal. On October 5, 2012, the Cherokee Nation responded by filing a summary statement contesting the appeal and alleging that the dismissal was proper in all respects. This matter was set for hearing before the Board on October 29, 2012, but prior to the hearing, on October 26, 2012, Cherokee Nation moved to strike *153 the hearing on the representation that Shell would be re-instated to the same or a similar position from which she was terminated. On the same date, the Board in response to the Cherokee Nation’s filing struck the hearing for October 29, 2012 finding that there was no need for the same and dismissed the matter.
Prior to these events, there had been some discussion between counsel for the parties as to whether or not Shell was represented. Notwithstanding on October 29, 2012, counsel for Shell filed a motion to set aside the dismissal on the grounds that there were additional issues which were in need of clarification including that of back pay, expungement of Shell’s personnel record and attorney fees. On the same date in response thereto, the Cherokee Nation filed an objection clarifying that Shell was entitled to re-instatement, back pay with benefits and adjustment of her personnel record. The Tribe further asserted that attorney fees were not necessary because of the dismissal.
On October 31, 2012, the Cherokee Nation moved to strike the application for attorney fees. On the same date, the Board set Shell’s motion to set aside the journal entry for hearing,
On November 26, 2012, the Board heard arguments and the testimony of Shell. Shell testified that although not certain she believes that she retained counsel pri- or to October 26, 2012. Notwithstanding, Shell admitted speaking with counsel for the Cherokee Nation, on October 20, 2012, but stated that she was not asked whether she was represented by counsel and didn’t understand that she was supposed to disclose the same. Shell further testified that when she lodged her appeal, she was not confident enough about how things might go with her appeal. All of this was in conjunction with her hiring of counsel.
At the conclusion of the hearing, the Board found that the termination had been dismissed by the Cherokee Nation and that Shell was entitled to reinstatement with all benefits with the issue of attorney fees to be set upon application. On December 5, 2012, counsel for Shell filed his application for attorney fees. On December 10, 2012, the Board entered its Order finding that the Cherokee Nation had made its assurances that Shell would be reinstated with all appropriate relief except attorney fees. The Board found that fees were appropriate and awarded a reasonable attorney fee. It is from this Order that the Cherokee Nation now appeals.
It would appear from a review of the record that there is a sufficient basis to sustain the action of the Board. The Board held its hearing in this matter and it appears that there were issues unresolved at the time that counsel for Shell filed his motion to set aside the journal entry. This case was reopened and stayed open well after its initial dismissal on October 26, 2012. While counsel for Shell should have made it known at the earliest stage possible that he did in fact represent Shell, be that as it may, there were issues still pending at the time counsel filed his motion, In that regard, the Cherokee Nation’s filing of October 26, 2012, only stated that Shell would be reinstated in the same or similar position from which she was terminated. It was not until October 29, 2012, and after Shell filed her motion to set aside dismissal that the Cherokee Nation filed its objection conceding the issues of back pay and expungement, and addressing the attorney fee issue. More importantly, the Board was still actively considering this case through its November 26, 2012, hearing and subsequent December 10, 2012 order.
As such, there is simply not a sufficient basis in which to reverse the order of the Employee Appeals Board.
*154 The same is HEREBY AFFIRMED, This matter is remanded to the Employee Appeals Board to determine costs and a reasonable attorney fee pursuant to 51 C.N.C.A. 1029, if it has not already done so.
IT IS SO ORDERED.
Concurring: DARRELL DOWTY, Chief Justice, JOHN C. GARRETT, Justice, TROY WAYNE ROTEETE, Justice, ANGELA JONES, Justice.